UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
AARON DOBBS, CHARLES FLOWERS AND BARRY        :
WILLIAMS, individually and on behalf of all others  :
similarly situated,                              :            25-CV-02114 (JAV)
:
                Plaintiffs,           :            ORDER
:
    -v-                                       :
THE BANK OF NEW YORK MELLON,                  :
:
                Defendant.            :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On July 1, 2025, Defendant filed a Motion for a Partial Stay of Discovery pending resolution of Defendant's Motion to Dismiss (ECF No. 48). *See* ECF No. 43. Defendant contends that the partial stay of discovery is based "on the terms agreed by the parties in their June 17 letter to the Court. *See* Dkt. 41." *Id.* at 1. Defendant argues that the motion to dismiss would "resolve the entire case" and that the burden of discovery would be "expansive and time-consuming." *Id.* at 2, 4. In opposition, Plaintiffs contend that Defendant's premise is incorrect, and that Plaintiffs did not agree to any partial stay of discovery. ECF No. 46. Plaintiffs clarify that "[a]s stated in the parties' Joint Letter and the during the Case Management Conference, Plaintiffs *did not* agree to a stay of discovery and no stay is warranted." *Id.* at 1.

      A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated*

*Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)). "Good cause" is assessed through the application of the following three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010); *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

After considering these three factors, the Court does not find that there is good cause to stay discovery. Addressing the first factor, the Court notes that the Motion to Dismiss does not raise any jurisdictional challenges, although it does seek dismissal of all three Claims in Plaintiff's Amended Complaint (ECF No. 42). *Cf. Renois v. WVMF Funding,* LLC, No. 20-cv-09281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (finding that defendants' challenges to the Court's subject matter jurisdiction and plaintiff's standing weighed in favor of a stay of discovery). The issues raised by the Motion to Dismiss are complex and may benefit from the anticipated discovery of the documents that Plaintiffs aver are in Defendant's possession—namely the "documents concerning the authentication of the Barclays ETNs, BNY's authentication process generally and under the Indenture (including communications regarding authentication), and the ledger that BNY should have maintained." ECF No. 46 at 2. For purposes of this Motion to Stay Discovery, the Court cannot find that all of Plaintiffs' claims are so devoid of merit on their face as to warrant a stay of discovery.

In terms of the second factor involving the breadth and burden of discovery, the Court finds that this weighs in Plaintiff's favor.  Plaintiffs have not yet served discovery requests, and, further, "some burden exists in all discovery and [Defendants] ha[ve] not presented specific facts as to burden."  *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (denying motion to stay even if the party's dismissal motion was meritorious because she would have remained a key witness and still obligated to produce documents).  Furthermore, Defendant does not sufficiently address the breadth of discovery or the burdens of responding to such discovery for a company as large and sophisticated as itself.  Defendant vaguely asserts that discovery could involve dozens of custodians, and documents across three continents, but Defendant has not quantified the volume of documents at issue or the expense associated with such discovery.  Once discovery requests are served upon Defendant, the Court can entertain "[a]ny objections to individual discovery requests."  *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016).

Lastly, "[w]hile it is true that the motion to dismiss may remain pending only for a matter of months, thus obviating the degree of prejudice, as noted previously a stay of discovery is the exception and not the rule in this District."  *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-00784 (KAD), 2020 WL 7232551, at *6 (D. Conn. Nov. 12, 2020); *see also Elhassa*, 2022 WL 563264, at *2 (dismissing the argument that "Plaintiff will suffer no prejudice" due to delay as "the case is still at its early stages").

Accordingly, Defendant's Motion to Stay Discovery is DENIED.  The Clerk of the Court is respectfully directed to terminate ECF No. 43.  In accordance with the discussion at the initial pretrial conference, by **July 25, 2025,** the parties shall submit a revised case management plan

3

for the Court's consideration.

    SO ORDERED.

Dated: July 21, 2025
       New York, New York

                                              JEANNETTE A. VARGAS
                                              United States District Judge

4