UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AARON DOBBS, Plaintiff, -v- THE BANK OF NEW YORK MELLON, Defendant. | : | 25-CV-02114 (JAV) ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On October 14, 2026, Plaintiff Aaron Dobbs ("Dobbs" or "Plaintiff") filed a letter-motion seeking to compel Defendant The Bank of New York Mellon ("BNY" or "Defendant") to produce relevant, non-privileged documents from eleven proposed custodians. ECF No. 82, at 3. On October 16, 2026, Defendant filed a letter opposing that request, arguing that the proposed discovery is "unreasonable." ECF No. 83, at 1-3. On October 21, 2026, Plaintiff submitted an additional letter disputing certain factual representations in Defendant's opposition letter. ECF No. 84.

Plaintiff contends that Defendant's prior production from a centralized DTCC mailbox is insufficient because "employees of BNY who were directly involved in the alleged conduct here used individual or group emails to send relevant or highly relevant communications to this matter." ECF No. 82, at 1. Defendant maintains that the DTCC mailbox captured the relevant communications and that Plaintiff's proposed searches would require a review of approximately 45,000 documents, of which Defendant believes "only a fraction might possibly be relevant." ECF No. 83, at 1. Defendant has nevertheless agreed to review and produce responsive documents from two additional custodians, Paul Bashford and Luis Spencer Ferreira-Alturas. *Id.*

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(2)(B).

The Court finds that Plaintiff has demonstrated a reasonable basis to question whether

Defendant's production from the DTCC mailbox encompasses all relevant communications. Specifically, Plaintiff identifies email chains from "at least several of the proposed custodians" concerning the transactions at issue in which earlier communications did not include the DTCC mailbox, even though later messages in those chains did. ECF No. 84, at 1. These communications suggest that relevant information may exist outside the centralized mailbox and that additional custodial discovery may be warranted.

Nevertheless, Plaintiff has not established that a comprehensive review of *all* documents responsive to the proposed search terms across eleven additional custodians would be proportional to the needs of the case. Defendant represents that the proposed searches generated approximately 45,000 reported hits, including nearly 30,000 attachment hits, and that many of these hits resulted from search terms involving securities identifiers, such as CUSIP numbers, ISINs, and note tickers. ECF No. 83, at 2. Although these figures raise legitimate proportionality concerns, Defendant has not provided sufficient information for the Court to determine at this time that further custodial discovery would be disproportionate. Notably, Defendant has not provided a concrete estimate of the time or expense required to conduct the proposed review, or a sufficiently detailed assessment of the relevance of the documents associated with the remaining custodians.

The Court concludes that a phased approach is appropriate to ensure that Plaintiff obtains relevant discovery without imposing an undue burden on Defendant. Defendant has already agreed to review documents associated with two proposed custodians, providing an appropriate starting point for further production. This is particularly warranted given the approaching January 14, 2027 fact discovery deadline and Plaintiff's stated need to review the requested documents before conducting depositions.

Accordingly, Plaintiff's motion to compel is GRANTED IN PART. It is HEREBY ORDERED that:

1. By November 16, 2026, Defendant shall complete its review of documents responsive to the parties' agreed-upon search terms for custodians Paul Bashford and Luis Spencer Ferreira-Alturas and produce all responsive, nonprivileged documents. Defendant shall not unilaterally terminate its review merely because an initial review of the documents appears unlikely to contain relevant information.

2. By November 20, 2026, the parties shall meet and confer regarding the proposed searches for the remaining nine custodians identified in Plaintiff's submissions. The parties shall consider reasonable limitations on the scope of those searches, including targeted search terms, relevant date ranges, and sampling procedures. In doing so, the parties shall specifically address the email chains referenced in Plaintiff's reply letter (ECF No. 84) and whether those communications warrant additional custodial searches.

3. By November 23, 2026, the parties shall submit a joint status letter advising the Court whether they have reached an agreement concerning the remaining nine custodians. To the extent disputes remain, the parties shall identify the specific custodians and search terms at issue, the parties' respective positions, and any proposed limitations.

The Court declines at this time to compel Defendant to conduct a comprehensive review of all documents responsive to Plaintiff's proposed searches across the remaining nine custodians. The parties are reminded of their obligation to cooperate in good faith to complete discovery in a timely and proportional manner.

The Clerk of Court is directed to terminate ECF No. 82.

SO ORDERED.

Dated: October 26, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge